# United States Court of Appeals
## For the First Circuit

No. 19-2204

UNITED STATES,

Appellee,

v.

EMILIANO EMMANUEL FLORES-GONZÁLEZ,

Defendant - Appellant.

Before

Barron, <u>Chief Judge</u>,
Lynch, Thompson, Kayatta,
and Gelpí, <u>Circuit Judges</u>.

**ORDER OF COURT**

Entered: August 22, 2022

    A majority of the active judges who are not disqualified have voted to hear this case en banc. Accordingly, the petition for rehearing en banc is granted. In accordance with customary practice, the panel opinion released on May 16, 2022 is withdrawn, and the judgment entered the same date is vacated. <u>See</u> 1st Cir. I.O.P. X(D).

    The issue presented to the en banc court is

    whether a district court, in its discretion, may rely on the characteristics of the specific community in which the defendant committed his offense (in this case, the alleged prevalence of machinegun crimes in Puerto Rico) and certain aggravating factors that are also included in the sentencing guidelines (here, the dangers of machineguns) to impose a variant sentence.

The en banc court will have copies of the parties' previously filed briefs. The parties are directed to file simultaneous supplemental briefs addressing the following questions, in addition to any other questions they may wish to address:

1.     The Supreme Court has stated that "the Guidelines are now advisory, and appellate review of sentencing decisions is limited to determining whether they are 'reasonable.'"  Gall v. United States, 552 U.S. 38, 46 (2007).  The Court has "reject[ed] . . . an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range."  Id. at 47.  The Court has also stated that district courts have broad discretion in imposing a sentence and, in considering the "aggravating and mitigating factors relating to the circumstances of both the offense and the offender . . . may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information [it] may consider, or the source from which it may come."  Concepcion v. United States, 142 S. Ct. 2389, 2399 (2022) (internal citations omitted).

We for our part have said that "a sentencing judge may consider community-based and geographic factors" like "the incidence and trend lines of particular types of crime in the affected community" -- factors that "appropriately inform[] and contextualize[] the relevant need for deterrence " (a factor listed in 18 U.S.C. § 3553(a)).  United States v. Flores-Machicote, 706 F.3d 16, 22-23 (1st Cir. 2013).  We have also said that "[w]hen a court varies from the [guidelines sentencing range], its reasons for doing so 'should typically be rooted either in the nature and circumstances of the offense or the characteristics of the offender.'"  Id. at 21 (quoting United States v. Martin, 520 F.3d 87, 91 (1st Cir. 2008)).  And we have said that a "court's emphasis on factors that are not specifically tied to either the offender or the offense of conviction" like "the incidence of particular crimes in a given locale" can "go too far."  Id. at 24.

With all that in mind, we ask the following questions:

(a)     In determining what is "adequate deterrence" within the meaning of 18 U.S.C. § 3553(a), may a district court, in its discretion, take into consideration the actual or perceived level of criminal conduct in the community within which the defendant chose to commit the offense of conviction?  Is an offense "in the mine-run" when the defendant committed it in a community rationally viewed by the district court as atypically plagued by that offense?

(b)     Does Kimbrough v. United States, 552 U.S. 85 (2007), prevent a sentencing judge from concluding that, as a matter of that judge's policy disagreement, the guidelines sentence for certain crimes does not adequately account for achieving the goals of federal sentencing in the jurisdiction in which the crime was committed?

(c)     What effect does the Supreme Court's statement in Kimbrough v. United States that "[c]loser review" of a sentence is justified the further the district court strays from a case-specific analysis, because a sentencer's expertise lies in its "greater familiarity with . . . the individual case and the individual defendant," have here?  522 U.S. 85, 109 (2007).

(d)     As to decisions to vary upward or downward from a recommended guidelines sentence, is it within the sentencing court's discretion to rely on

"community-based and geographic factors," such as "the incidence and trend lines of particular types of crime in the affected community," as we determined it was in United States v. Flores-Machicote, 706 F.3d 16, 22-23 (1st Cir. 2013)?

(e)     In assessing factors that can "inform[] and contextualize[] the relevant need for deterrence" but are not "specifically tied to either the offender or the offense of conviction," how can a district court "go too far"? United States v. Flores-Machicote, 706 F.3d 16, 23-24 (1st Cir. 2013). How does the federal statutory framework for federal sentencing inform the answer to this question? See 18 U.S.C. § 3553; 28 U.S.C. § 991.

(f)     United States v. Flores-González said that "Flores-Machicote rejected a defendant's categorical claim that a sentencing judge could not consider a community-based characteristic of the offense" but "did not address how much weight a judge could give to that kind of characteristic in making a variant sentence." 34 F.4th 103, 117 (1st Cir. 2022). Flores-González also said that United States v. Rivera-Berríos, 968 F.3d 130 (1st Cir. 2020), "gave us a chance to address whether sentencers can rely *exclusively* on community characteristics in varying upward" and "answered with an emphatic no." Id. Did Flores-González read Flores-Machicote and Rivera-Berríos correctly?

(g)     Our caselaw lets a district court vary upward based on factors already accounted for by the sentencing guidelines if the court explains why those factors deserve extra weight. See, e.g., United States v. Zapete-Garcia, 447 F.3d 57, 60 (1st Cir. 2006). Panels have applied this extra-weight requirement in cases issued after Kimbrough v. United States, 552 U.S. 85 (2007), Gall v. United States, 552 U.S. 38 (2007), and Rita v. United States, 551 U.S. 338 (2007). See, e.g., United States v. Díaz-Lugo, 963 F.3d 145, 155 (1st Cir. 2020); United States v. Fields, 858 F.3d 24, 32 (1st Cir. 2017). But does this extra-weight requirement clash with Kimbrough, Gall, or Rita?

(h)     Is Concepcion v. United States, 142 S. Ct. 2389 (2022), distinguishable because it decided whether the First Step Act lets district courts consider intervening changes in law or fact in exercising their discretion -- not whether they can make claims about the community and its characteristics?

2.     Is a district court's reliance on a characteristic of a community in which a crime occurs as the sole aggravating factor in imposing a sentence that upwardly varies from the guidelines consistent with the federal statutory framework for federal sentencing and, in particular, with its purpose of obtaining uniformity in sentences among defendants with similar records who have been found guilty of similar conduct? See 18 U.S.C. § 3553; 28 U.S.C. § 991. If so, how? If not, why not?

3.     Assuming, for the sake of argument, that a district court may rely on a characteristic of the community in which an offense occurs as the sole aggravating factor in imposing a sentence that upwardly varies from the guidelines in some circumstances:

(a) what parameters, if any, must the district court rely on in imposing a variance based on a community characteristic to define the "community"? For example, a state or the Commonwealth of Puerto Rico? A county, city, or town?

(b) what information sources can a district court rely upon in determining whether a particular community possesses characteristics that would justify an upward variance? Must such sources be subject to adversarial testing?

(c) what notice, if any, must be given to the defendant in advance of sentencing of the factual predicate for the reliance by the district court on the characteristic of the community to impose the upward variance, and what opportunity, if any, must the defendant be given at sentencing to contest the evidentiary basis for the district court relying on that community characteristic to impose that variance?

(d) what are the current violent-crime statistics for the major municipalities in Puerto Rico? How do they compare with other major municipalities in the United States? Do they show that Puerto Rico requires harsher treatment for firearm or machinegun possession compared to other districts? Do they show that upwardly variant sentences are having a deterrent effect?

4. Do our recent cases vacating upwardly variant sentences based on the district court's reliance on the characteristics of the community in which the defendant committed his offense, see, e.g., United States v. Rivera-Berríos, 968 F.3d 130 (1st Cir. 2020); United States v. Carrasquillo-Sánchez, 9 F.4th 56 (1st Cir. 2021), conflict with Supreme Court precedent, see, e.g., Gall v. United States, 552 U.S. 38, 49 (2007), our decision in Flores-Machicote, and the decisions of our sibling circuits, see, e.g., United States v. Cavera, 550 F.3d 180, 195–96 (2d Cir. 2008) (en banc); United States v. Hatch, 909 F.3d 872, 874–75 (7th Cir. 2018)?

The supplemental briefs should be filed simultaneously on or before **September 12, 2022**. Such briefs should not exceed 30 pages, and shall otherwise comply with applicable rules concerning format, service, and other requirements.

Amici are welcome to file amicus briefs, also not to exceed 30 pages per brief, no later than 7 days after the principal supplemental briefs are filed, but must seek prior leave of court.

Any reply supplemental briefs must be filed by the parties no later than 21 days after the amici briefing deadline. Reply briefs are limited to 15 pages.

The en banc hearing will be scheduled for November 18, 2022, at 10:00 a.m.

By the Court:

Maria R. Hamilton, Clerk

cc:
Mariana E. Bauza Almonte
Jeanette M. Collazo-Ortiz
John Michael Pellettieri
Gregory Bennett Conner
Vivianne Marie Marrero-Torres
Eric A. Vos
Liza Lorraine Rosado-Rodriguez
Vivian I Torralbas-Halais
Franco L. Perez-Redondo
Ivan Santos-Castaldo