No. 19-2204

# In the United States Court of Appeals for the First Circuit

---

**UNITED STATES OF AMERICA**,
*Appellee*,

v.

**EMILIANO EMMANUEL FLORES-GONZÁLEZ**,
*Defendant-Appellant*

---

On Appeal from the United States District Court
for the District of Puerto Rico
Case No. 19-cr-335-FAB
Hon. Francisco A. Besosa, U.S. District Judge

---

**PETITION FOR EN BANC REHEARING**

---

**RACHEL BRILL**
Federal Public Defender
District of Puerto Rico

241 F.D. Roosevelt Ave.
San Juan, Puerto Rico 00918
T. (787) 281-4922
F. (787) 281-4899
E. Kevin_Lerman@fd.org

**FRANCO L. PÉREZ-REDONDO**
Assistant Federal Public Defender,
Supervisor, Appeals Section

**KEVIN E. LERMAN**
Research & Writing Attorney

Attorneys for Defendant-Appellant
Emiliano Emmanuel Flores-González

## CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

RULE 35 STATEMENT AND ARGUMENT ........................................................ 1

    I.    This Court should grant rehearing, vacate the November 8, 2023 order that effectively denied relief and appellate review, and issue an order to either reinstate the panel opinion or vacate the Court's order granting en banc review. ........................................................ 1

    II.    There are at least two available ways to complete this Court's duties to correct the error below once rehearing is granted: reinstatement of the panel opinion or vacatur of the Court's order granting en banc review. ........................................................ 4

CONCLUSION ................................................................................................ 9

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# AUTHORITIES

**FEDERAL CASE LAW**                                                                                                     **PAGE**

*Clarke v. United States*,
 915 F.2d 699 (D.C. Cir. 1990)...............................................................6-7

*Evitts v. Lucey*,
 469 U.S. 387 (1985).....................................................................................5

*Gall v. United States*,
 552 U.S. 38 (2007)................................................................................ 3, 9

*Griffin v. Illinois*,
 351 U.S. 12 (1956).......................................................................................5

*New Orleans Public Service, Inc. v. Council of the City of New Orleans*,
 491 U.S. 350 (1989)....................................................................................3

*Savard v. Rhode Island*,
 338 F.3d 23 (1st Cir. 2003)....................................................................4-5

*United States v. Cheveres-Morales*,
 83 F.4th 34 (1st Cir. 2023) .........................................................................6

*United States v. Flores-González*, 34 F.4th 103 (1st Cir. 2022),
 *reh'g en banc granted, op. withdrawn*, 46 F.4th 57 (1st Cir. 2022),
 *and on reh'g en banc*, No. 19-2204, 2023 WL 7391652 (1st Cir. Nov. 8, 2023).... 1-2

*United States v. Lewis*,
 517 F.3d 20 (1st Cir. 2008).......................................................................8

*United States v. Quirós-Morales*,
 83 F.4th 79 (1st Cir. 2023) .........................................................................8

*United States v. Will*,
 449 U.S. 200 (1980).....................................................................................3

| **FEDERAL STATUTES** | **PAGE** |
|---|---|

18 U.S.C. § 3742 ................................................................................. 2-3, 4, 9

18 U.S.C. § 3742(a) ........................................................................................3

18 U.S.C. § 3742(e) ........................................................................................2

18 U.S.C. § 3742(f)(1) ....................................................................................2

**RULES**

Fed. R. App. P. 2(a) ........................................................................................5

Fed. R. App. P. 35(a) ...................................................................................7, 9

First Cir. Internal Operating Procedure X(D) .............................................5-6

# In the United States Court of Appeals for the First Circuit

**UNITED STATES OF AMERICA,**
*Appellee*,

v.

**EMILIANO EMMANUEL FLORES-GONZÁLEZ,**
*Defendant-Appellant*

On Appeal from the United States District Court
for the District of Puerto Rico
Case No. 19-cr-335-FAB
Hon. Francisco A. Besosa, U.S. District Judge

**PETITION FOR EN BANC REHEARING**

TO THE HONORABLE COURT:

The defendant-appellant, Emiliano Emmanuel Flores-González, represented by the Federal Public Defender for the District of Puerto Rico through undersigned counsel, respectfully states and requests:

# Rule 35 Statement and Argument

## I.
**This Court should grant rehearing, vacate the November 8, 2023 order that effectively denied relief and appellate review, and issue an order to either reinstate the panel opinion or vacate the Court's order granting en banc review.**

The Court's 3-3 en banc order—with the reinstatement of the district court's erroneous sentence after a panel of this Court correctly held that the district court erred—is contrary to law. The granting of en banc rehearing must not be allowed to deprive an appellant of his right to direct review or allow a district court's erroneous judgment to remain in place despite reversible error.

Rehearing, therefore, is imperative for three reasons.

*First,* under Rule 35: to secure uniformity of the Court's decisions. Of the six jurists sitting en banc, none were able to secure a majority that either would vote to overrule precedent as interpreted by the panel or replace the panel determination with one taking a different view of that precedent. So the en banc order has not overruled the panel holding that the sentence must be vacated under binding precedent. *See United States v. Flores-González*, 34 F.4th 103, 118 (1st Cir. 2022), *reh'g en banc granted, op. withdrawn*, 46 F.4th 57 (1st Cir. 2022), *and on reh'g en banc*, No. 19-2204, 2023 WL 7391652 (1st Cir. Nov. 8, 2023). In addition to the main panel opinion, a concurring opinion agreed that the sentence below had to be reversed under this

Circuit's binding precedent, stating that "*Rivera-Berríos* and *Carrasquillo-Sánchez* preclude[] us from affirming what would otherwise seem to be a properly justified upward variance aimed at deterring an offense more serious than the mine-run version precisely because of the increased threats faced by the community in which it occurred." *Flores-González*, 34 F.4th at 121 (Kayatta, J., concurring). To allow the erroneous sentence to be corrected by the panel opinion only to be reinstated by en banc action presents the ultimate barrier to uniform application of the law. When an identical appellant with the same original panel would have gotten relief *both before and after* the November 8 en banc order, the result of en banc proceedings cannot be *tie goes to the loser*.

Unlike the Supreme Court, which has discretion to review lower-court decisions, the "court of appeals **shall** determine whether the sentence" below was unreasonable, 18 U.S.C. § 3742(e) (emphasis added), and it "**shall** remand the case" when, like here, it "determines that … the sentence was imposed in violation of law." *Id.* § 3742(f)(1) (emphasis added). Uniform application of the law required a decision on the merits under § 3742. As explained below, this Court should grant rehearing to either reinstate the panel decision or vacate the order granting en banc rehearing.

***Second,*** allowing the 3-3 en banc order—and the unanimous statement on Page 3 that the district court's action was affirmed—to stand would effectuate a complete denial of Mr. Flores's right to appeal. The "courts of appeal must review all sentences" for reasonableness. *Gall v. United States*, 552 U.S. 38, 41 (2007); *see generally* 18 U.S.C. § 3742. By vacating a panel opinion's proper grant of relief and replacing it with an order providing no practical effect, the en banc order contravenes the long-established rule that "federal courts lack the authority to abstain from the exercise of jurisdiction that has been conferred." *New Orleans Public Service, Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 358 (1989). An en banc court needs to do more to fulfill "the absolute duty of judges to hear and decide cases within their jurisdiction." *United States v. Will*, 449 U.S. 200, 215 (1980). The present appeal falls within this Court's § 3742(a) jurisdiction, and this Court has the obligation to evaluate the case and issue a decision.

***Third,*** en banc rehearing is necessary to avoid a result that's mechanistic and arbitrary. The en banc order's dueling pluralities purport to inform interlocutors that an operation of law resulted in affirmance. *See* En Banc Order at 16 ("Given the unfortunate 3-3 split of our court in this case, it is fair to ask, 'what next?' First, the sentence in this case is affirmed."). This Court, however, should not conceive of the en banc Court as a passive facilitator of this result. When the ordinary course of ap-

pellate review resulted in a panel opinion granting relief, the en banc Court here took actives steps not just to grant rehearing but to issue the stalemate order—an order that needn't have issued once it became apparent that the present order would impose a result on Mr. Flores that's distinct from any other similarly situated appellant. In such a procedural posture, *what's next* must not be passive affirmance of the judgment and sentence if that affirmance creates an arbitrary result that prevents this Court from fulfilling its obligations to perform direct review. *See* 18 U.S.C. § 3742.

## II.
## There are at least two available ways to complete this Court's duties to correct the error below once rehearing is granted: reinstatement of the panel opinion or vacatur of the Court's order granting en banc review.

The first of two paths to perform the Court's appellate review responsibilities and duty to decide controversies in the Court's jurisdiction is the issuance of an order to simply leave the panel decision in place. And *Savard*—the only case cited in the en banc order—presents no obstacle. En Banc Order at 3 (citing *Savard v. Rhode Island*, 338 F.3d 23, 25 (1st Cir. 2003)). *Savard* neither sanctions en banc orders that leave the basic functions of direct appellate review incomplete nor countenances the de facto overruling of panel opinions absent sufficient votes to overrule precedent or overrule the reasoning applied in a panel decision under review.

*Savard*, moreover, was a civil case without criminal law due process implications, which merely observed that panel-opinion withdrawal is "customary" when en banc rehearing takes place. 338 F.3d at 25. Panel opinion withdrawal may be a custom. But direct appeal of sentences is the law. Statutes structuring direct appeal and authority demanding appellate review of issues squarely in a court's jurisdiction must prevail over an administrative "custom." For once a jurisdiction makes direct review "'an integral part of the ... system for finally adjudicating the guilt or innocence of a defendant,' ... the procedures used in deciding appeals must comport with the demands of the Due Process and Equal Protection Clauses of the Constitution." *Evitts v. Lucey*, 469 U.S. 387, 393 (1985) (quoting *Griffin v. Illinois*, 351 U.S. 12, 18 (1956)). Needless to say, a direct review process that ends in withholding of relief by an en banc court that musters no majority to question the panel decision under review does not comport with Due Process or Equal Protection.

The thinness of *Savard*'s "custom" is apparent when its view—taken from or memorialized in this Court's Internal Operating Procedure X(D)—doesn't counsel rigid, reflexive application. *See* Fed. R. App. P. 2(a) (allowing courts of appeal to suspend their local rules "for good cause"). Instead, Procedure X(D) gives only administrative advice: "*Usually* when an en banc rehearing is granted, the previous opinion and judgment will be vacated." 1st Cir. IOP X(D) (emphasis added). It's not the

*usual* situation when a panel interprets prior opinions to dictate the same result a "previous opinion and judgment reached" and en banc review leaves that precedent and the panel's analysis unaltered and unrequested. Nor is it the *usual* situation when application of Procedure X(D) would erase this Court's role and Mr. Flores's right to redress on appeal, and this Court's obligation to decide cases within its jurisdiction. The *usual* operating procedure can't take place when more important considerations are needed to prevent injury to Mr. Flores's rights.

In addition, the en banc Court had—and still has—the power to avoid the November 8 order's inconceivable result. A reviewing court's discretion to avoid a miscarriage of justice is broad. *See, e.g.*, *United States v. Cheveres-Morales*, 83 F.4th 34, 42 (1st Cir. 2023). This Court has "an institutional interest in protecting the integrity of" its mandate, and it possesses the "power to protect the integrity of its own processes." *Id.* (cleaned up). In *Cheveres-Morales*, the Court acted in part to review an issue *sua sponte* "in the interest of avoiding a miscarriage of justice." *Id.* Here, a far less drastic exercise is needed and is therefore even more clearly within this Court's authority: the Court should grant rehearing to reinstate the panel decision because it has not been challenged by a majority of en banc judges.

Finally, the other path to effectuate the direct review required by law is to grant rehearing and issue an order to "dis-en banc" the case. *See Clarke v. United*

*States*, 915 F.2d 699 (D.C. Cir. 1990) (explaining the court "can dis-*en banc* a case that it has ordered heard *en banc*....") (citation omitted).

This action would have been appropriate once it became apparent the en banc Court would not revisit precedent established in *Ortiz-Rodríguez*, *Rivera-Berríos*, *Carrasquillo-Sánchez*, and elsewhere. As the portion of the order written by Judge Kayatta explains, Judges Kayatta, Gelpí and Lynch voted for en banc rehearing with the aim of "overrul[ing] those panel decisions" used to reach the panel decision under review. En Banc Order 7 (Order, Part 1, Kayatta, J.). But that aim could not be accomplished without a majority of judges.

Without a majority to disagree with this Circuit's precedent or overrule the panel's analysis, the en banc Court's 3-3 stalemate on how to approach binding precedent left the Court without a basis to intervene in a direct appeal that had already been adjudicated. So full vacatur of en banc consideration is warranted. After all, "en banc hearing or rehearing is not favored and ordinarily will not be ordered...." FED. R. APP. P. 35(a). En banc rehearing is the exception to panel hearing; once the Court had no ability to alter binding precedent, no Rule 35 purpose was at play. No view of Rule 35 and Operating Procedure X suggests that this Court, voting a case en banc, should issue an order indicating that a properly filed and briefed appeal would receive no practical en banc consideration on its merits.

To avoid such a result, this Court should vote to vacate the order to take the case en banc. The interests of no one will be served if the government can obtain practical reversal of a reasoned panel decision based on the intentions of a non-majority of judges to reset the course of this Court's precedent or alter the panel's view of it. Otherwise, the process followed here allows three judges in the same Court to exercise a non-majoritarian veto power over a duly assigned panel. If the law of the circuit doesn't allow that by a subsequent three-judge panel (with a majority), *see, e.g.*, *United States v. Lewis*, 517 F.3d 20, 24 (1st Cir. 2008), it must not be permitted to occur by a three-judge non-majority in the context of en banc review.

Fairness should dictate that the judges who voted to hear the case en banc, and those who would understand precedent to dictate the panel holding, would now vote for rehearing in order to secure uniform application of this Court's case law and uniform access to direct appeal.

\* \* \* \*

Judge Selya observed last month: "As the name implies, courts of appeals are courts of review." *United States v. Quirós-Morales*, 83 F.4th 79, 81 (1st Cir. 2023). To preserve that reality, a reasoned and unanimous three-judge panel opinion should not be uprooted only because half the Court wished to utilize this case to revisit precedent but was unable to garner sufficient votes to do so. Thus, this Court should

grant rehearing and either reinstate the panel opinion, vacate the order granting en banc review, or grant relief consistent with Mr. Flores's right to appeal and the Court's obligation to decide the controversy before it.

The present question, of whether an en banc order can leave an appellant's sentencing appeal effectively unadjudicated on its merits, should be considered en banc "to secure … uniformity of the court's decisions and because it's "a question of exceptional importance." FED. R. APP. P. 35(a). Plus, the November 8 order conflicts with (1) Supreme Court authority that requires the courts of appeal to review sentences for reasonableness, *see, e.g.*, *Gall*, 552 U.S. at 41; *see generally* 18 U.S.C. § 3742; and (2) decisions of this Court that were relied on by the panel in reasoning that has not been questioned by a majority of en banc judges.

## Conclusion

This Court should grant rehearing and issue a determination vacating the district court's erroneously imposed variant sentence.

**RESPECTFULLY SUBMITTED** on November 13, 2023.

| | |
|---|---|
| **RACHEL BRILL**<br>Federal Public Defender<br>District of Puerto Rico<br><br>241 F.D. Roosevelt Ave.<br>San Juan, PR 00918<br>T. (787) 281-4922<br>E. Kevin_Lerman@fd.org | **FRANCO L. PÉREZ-REDONDO**<br>Assistant Federal Public Defender<br>Supervisor, Appeals Section<br><br>s/**KEVIN E. LERMAN**<br>Research & Writing Attorney<br>First Circuit Bar No. 1194361 |

## CERTIFICATE OF COMPLIANCE

This 2,127-word petition complies with Rule 35(b)(2)'s 3,900-word limit. And by using a proportionally spaced 14-point typeface, it complies with Fed. R. App. P. 32(a)(5)-(a)(6)'s requirements.

November 13, 2023

s/**Kevin E. Lerman**
Research & Writing Attorney
First Circuit Bar No. 1194361
Email: Kevin_Lerman@fd.org

## CERTIFICATE OF SERVICE

I ECF-filed this Petition for En Banc Rehearing, notifying the parties, including government counsel.

November 13, 2023

s/**Kevin E. Lerman**
Research & Writing Attorney
First Circuit Bar No. 1194361
Email: Kevin_Lerman@fd.org